IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS J. BROUSSARD, | No. 2:12-CV-0984-CMK-P |
| Plaintiff, | |
| vs. | ORDER |
| K. HIGGINS, | |
| Defendant. | |
| _____/ | |

  Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion for summary judgement (Doc. 18, 20) and defendant's opposition thereto. Defendant's opposition is actually a request for Rule 56(d) order to deny or delay the consideration of the motion for summary judgment.

  The purpose of Rule 56(d) is to provide a device for litigants to avoid summary judgment where they have not had sufficient time to develop affirmative defenses. See Burlington Northern Santa Fe R. Co. v. The Assiniboine and Sioux Tribes of the Fort Peck Reservation, 323 F.3d 767, 773 (9th Cir. 2003). Thus, where a motion for summary judgment is filed very early in the litigation before a party has had any realistic opportunity to pursue discovery, Rule 56(d) motion should be granted freely. See id. Where, however, the party

1

seeking a continuance has not diligently pursued discovery, the district court does not abuse its discretion in denying a Rule 56(d) motion. See id. at 773-74 (citing Wichita Falls Office Assoc. v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992)). A Rule 56(f) motion must be brought before the summary judgment hearing. See U.S. v. Kitsap Physicians Service, 314 F.3d 995, 1000 (9th Cir. 2002). The facts supporting the request for continuance must be set forth in an accompanying affidavit. See id. Failure to comply with either of these requirements is proper basis for denying Rule 56(d) motion. See id.

      A Rule 56(d) motion should be granted where the party seeking the continuance puts forth a good faith showing by affidavit that the continuance is needed to obtain facts essential to preclude summary judgment. See State of Cal., on Behalf of Cal. Dept. of Toxic Substances Control v. Campbell, 138 F.3d 772, 775 (9th Cir. 1998). The party seeking to conduct additional discovery under Rule 56(f) has the burden of demonstrating that the evidence sought exists. See Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995). Thus, to obtain relied under Rule 56(d), the party seeking the continuance must show: (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery; (2) that the facts sought exist; and (3) that these sought-after facts are essential to resist the summary judgment motion. See Campbell, 138 F.3d at 775.

      Here, an answer to plaintiff's complaint was filed on December 3, 2012. After which, the court issued a discovery and scheduling order on December 6, 2012. Less than a week later, plaintiff filed his motion for summary judgment. As defendant has argued, the parties have not had time to conduct any discovery in this action. Pursuant to the scheduling order issued, discovery is set to continue through April 26, 2013. Plaintiff's motion for summary judgment is therefore premature. Defendant's request to continue the motion for summary judgment until the end of the discovery period will be granted. Defendant's opposition to plaintiff's motion for summary judgment will be due 30 days after the close of discovery.

///

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's request for a Rule 56(d) order is granted;

2. Plaintiff's motion for summary judgment (Doc. 18, 20) is prematurely filed, and is therefore continued until the end of the discovery period;

3. The Clerk of the Court is directed to administratively terminate the motion; and

4. Defendant's opposition to plaintiff's motion for summary judgment shall be due 30 days after the close of discovery.

DATED: January 7, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE