1

2

3

4

5

6

7

8               **IN THE UNITED STATES DISTRICT COURT**

9               **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   LOUIS J. BROUSSARD,                          No. 2:12-CV-0984-CMK-P

12            Plaintiff,

13        vs.                                     ORDER

14   K. HIGGINS,

15            Defendant.

16   _____/

17            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42

18   U.S.C. § 1983.  Pending before the court is plaintiff's motion for summary judgement (Doc. 18,

19   20) and defendant's opposition thereto.  Defendant's opposition is actually a request for Rule

20   56(d) order to deny or delay the consideration of the motion for summary judgment.

21            The purpose of Rule 56(d) is to provide a device for litigants to avoid summary

22   judgment where they have not had sufficient time to develop affirmative defenses.  See

23   Burlington Northern Santa Fe R. Co. v. The Assiniboine and Sioux Tribes of the Fort Peck

24   Reservation, 323 F.3d 767, 773 (9th Cir. 2003).  Thus, where a motion for summary judgment is

25   filed very early in the litigation before a party has had any realistic opportunity to pursue

26   discovery, Rule 56(d) motion should be granted freely.  See id.  Where, however, the party

1   seeking a continuance has not diligently pursued discovery, the district court does not abuse its

2   discretion in denying a Rule 56(d) motion.  See id. at 773-74 (citing Wichita Falls Office Assoc.

3   v. Banc One Corp., 978 F.2d 915, 919 n.4 (5th Cir. 1992)).  A Rule 56(f) motion must be brought

4   before the summary judgment hearing.  See U.S. v. Kitsap Physicians Service, 314 F.3d 995,

5   1000 (9th Cir. 2002).  The facts supporting the request for continuance must be set forth in an

6   accompanying affidavit.  See id.  Failure to comply with either of these requirements is proper

7   basis for denying Rule 56(d) motion.  See id.

8            A Rule 56(d) motion should be granted where the party seeking the continuance

9   puts forth a good faith showing by affidavit that the continuance is needed to obtain facts

10  essential to preclude summary judgment.  See State of Cal., on Behalf of Cal. Dept. of Toxic

11  Substances Control v. Campbell, 138 F.3d 772, 775 (9th Cir. 1998).  The party seeking to

12  conduct additional discovery under Rule 56(f) has the burden of demonstrating that the evidence

13  sought exists.  See Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995).  Thus, to obtain relied

14  under Rule 56(d), the party seeking the continuance must show: (1) that they have set forth in

15  affidavit form the specific facts that they hope to elicit from further discovery; (2) that the facts

16  sought exist; and (3) that these sought-after facts are essential to resist the summary judgment

17  motion.  See Campbell, 138 F.3d at 775.

18           Here, an answer to plaintiff's complaint was filed on December 3, 2012.  After

19  which, the court issued a discovery and scheduling order on December 6, 2012.  Less than a

20  week later, plaintiff filed his motion for summary judgment.  As defendant has argued, the parties

21  have not had time to conduct any discovery in this action.  Pursuant to the scheduling order

22  issued, discovery is set to continue through April 26, 2013.  Plaintiff's motion for summary

23  judgment is therefore premature.  Defendant's request to continue the motion for summary

24  judgment until the end of the discovery period will be granted.  Defendant's opposition to

25  plaintiff's motion for summary judgment will be due 30 days after the close of discovery.

26  / / /

1      Accordingly, IT IS HEREBY ORDERED that:

2          1.      Defendant's request for a Rule 56(d) order is granted;

3          2.      Plaintiff's motion for summary judgment (Doc. 18, 20) is prematurely

4    filed, and is therefore continued until the end of the discovery period;

5          3.      The Clerk of the Court is directed to administratively terminate the

6    motion; and

7          4.      Defendant's opposition to plaintiff's motion for summary judgment shall

8    be due 30 days after the close of discovery.

9

10

11     DATED:  January 7, 2013

12

13                                        CRAIG M. KELLISON
                                          UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

3